**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| JODI DARLENE DODSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:12-0257 |
| | ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 10, 2011, Petitioner, an inmate at FPC Alderson and acting *pro se,* filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Civil Action No. 1:11-0411, Document No. 1 and Civil Action No. 1:12-0257, Document No. 1.) Petitioner requests that the Court grant her compassionate release so that she can receive adequate medical treatment. (Id.) Petitioner explains that "Social Security Disability has recognized the disorder of 'severe depression, which is symptomatic of severe, [and] chronic Lyme Disease.'" (Id., p. 18.) Petitioner alleges that "incarceration is not an appropriate means of punishment for this serious illness." (Id., p. 13.) Petitioner contends that FCI Alderson refuses to provide her with herbal supplements to treat her Lyme Disease and Depo Provera shots to treat her reproductive and hormone issues. (Id., pp. 7 - 14.) Next, Petitioner claims that "[t]his facility fails to provide an adequate number of qualified mental health staff [because there is only] one psychologist per 1,200 inmates." (Id., p. 18.) Petitioner complains that "no legal issues are permitted to be discussed" during counseling sessions. (Id.) Third, Petitioner contends that the "noise levels [at FPC Alderson]

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

cannot be safe for our hearing." (Id., p. 19.) Petitioner complains that "we are forced to wear headphones for TV watching and for any music." (Id.) Finally, Petitioner states that "mold is continuously a factor in the shower rooms." (Id.) Petitioner alleges that the mold "is routinely covered up by painting the ceilings, yet it continues to flourish within the vents and walls." (Id.) Therefore, Petitioner contends that she must be granted compassionate release because "the above issues are facts and cannot be disputed as there is no BOP policy, no treatment plan, no medications permitted by this Bureau nor by any outside source." (Id., p. 23.)

By Order entered on February 7, 2012, the undersigned construed Plaintiff's Section 2241 Petition as an attempt to initiate a civil action pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971), and directed the Clerk to open a new civil action and include therein a copy of Plaintiff's Petition (Civil Action No. 1:11-0411, Document No. 6.). The undersigned further ordered "that the Clerk send Plaintiff a copy of a form Complaint and Application to Proceed *in forma pauperis* and that within 30 days of the date of entry of this Order (1) Petitioner file, if she wishes, the form Complaint specifying, among other things, the Defendant(s) in her Bivens action and stating her claims, and (2) Petitioner either pay the $350.00 filing fee or file the Application to Proceed *in Forma Pauperis* and other documents as required by 28 U.S.C. § 1915(a)(1) and (2)." (Id.)

On March 8, 2012, Plaintiff filed her Application to Proceed *in Forma Pauperis* and Complaint. (Civil Action No. 1:12-0257, Document Nos. 6 and 7.) Plaintiff names the following as defendants: (1) The Federal Bureau of Prisons; (2) Myron L. Batts, former Warden; (3) Mr. Weaver, Director of Health Services; (4) D. Wyht, HSU Physician; (5) Michelle Ayersman, Assistant Warden. (Id., Document No. 7, p. 2.) First, Plaintiff complains that trial counsel "did not include or

amend her Presentence Report to include all medical issues." (Id., p. 4.) Plaintiff states that trial counsel "permitted the inclusion of a physician only seen once, who mis-spoke on diagnosis of heavy metal toxic poisoning. (Id.) Plaintiff states that the foregoing violated her "rights to alternative sentencing consideration as well as prejudiced her BOP incarceration and medical treatment." (Id., pp. 4 - 6.) Next, Plaintiff alleges that the "BOP and staff did not permit outside evaluations to confirm or disprove the inmate's claims of illness and symptoms." (Id.) Plaintiff states that the "BOP's own records show no documentation of any treatments tried to assist with multiple symptoms or any effort to re-diagnose if chronic lyme disease was incorrect." (Id.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

The allegations stated in Plaintiff's Complaint asserting violations of her constitutional rights are cognizable under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. Under Article III, Section 2 of the Constitution of the United States, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998)(quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990)). This case or controversy requirement means that plaintiff must continue to have a personal stake in the outcome of the civil action when the Complaint is filed and when the case is decided. Id. If at any point in the proceeding there is no actual controversy, the case must be dismissed as moot. Id. When an inmate seeking injunctive relief is released from custody, the inmate no longer maintains a "sufficient interest in the outcome of the requested relief to present a justiciable case or controversy." Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983). In general

4

therefore, claims for injunctive relief become moot when the inmate is no longer incarcerated because the inmate is no longer subjected to the condition of which she complained. Id.

Having examined Plaintiff's Complaint, the Court has determined that Plaintiff challenges the conditions of her confinement at FPC Alderson. Plaintiff's release from custody, however, destroys the "case or controversy" requirement concerning her claims.[2] Plaintiff has requested only injunctive relief: that the Court grant her compassionate release from incarceration. Thus, Plaintiff's claim for injunctive relief is rendered moot by her release from custody. Because Plaintiff has not made a request for monetary relief, Plaintiff's Complaint in this matter should be summarily dismissed as moot. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)(finding that inmate's transfer or release from confinement does not moot the inmate's claim for monetary damages).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 6.), **DISMISS** Plaintiff's Complaint (Document Nos. 1 and 7.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and

---

[2]   The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on June 14, 2012.

5

Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: September 11, 2014.

R. Clarke VanDervort
United States Magistrate Judge